1 | BROWNE GEORGE ROSS LLP
Peter W. Ross (SBN 109741)
2 |   pross@bgrfirm.com
Benjamin D. Scheibe (SBN 101327)
3 |   bscheibe@bgrfirm.com
Lauren Woodland (SBN 283052)
4 |   lwoodland@bgrfirm.com
2121 Avenue of the Stars, Suite 2400
5 | Los Angeles, California 90067
Telephone: 310.274-7100/Facsimile: 310.275-5697
6 |
PARK & LIM
7 | Heesok Park, Esq. (SBN 106147)
  heesok@parkandlim.com
8 | Dennis McPhillips, Esq. (SBN 113452)
  dennis@parkandlim.com
9 | 3530 Wilshire Boulevard, Suite 1300
Los Angeles, California 90010
10 | Telephone: 213.386.5595/Facsimile: 213.384.7110

11 | Attorneys for Plaintiff Tri-Star Dyeing & Finishing, Inc.

12 | HINSHAW & CULBERTSON LLP
Larry M. Golub (SBN 110545)
13 |   lgolub@mail.hinshawlaw.com
Sandra I. Weishart (SBN 89782)
14 |   sweishart@mail.hinshawlaw.com
633 West 5th Street, 47th Floor
15 | Los Angeles, CA 90071-2043
Telephone: 213.680.2800/Facsimile: 213.614.7399
16 |
Attorneys for Defendant Euler Hermes
17 | North America Insurance Company

18 |
19 | UNITED STATES DISTRICT COURT
20 | CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRI-STAR DYEING & FINISHING, INC., a California corporation, | Case No. 2:15-cv-09936-RSWL-PLA |
| Plaintiff, | The Hon. Ronald S.W. Lew |
| | **JOINT RULE 26(F) REPORT** |
| vs. | |
| EULER HERMES NORTH AMERICAN INSURANCE COMPANY, a Maryland corporation; EULER HERMES COLLECTIONS NORTH AMERICAN COMPANY, a Maryland corporation, and DOES 1 THROUGH 100, INCLUSIVE, | Scheduling Conference: |
| | Hearing Date: March 8, 2016 |
| | Hearing Time: 10:00 a.m. |
| | Courtroom: 21 |
| Defendants. | |

36136660v1 0967262

1       Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Central

2 District Local Rule 26-1, counsel for the parties hereby present their Joint Report of

3 Early Meeting of Counsel:

## SHORT SYNOPSIS OF CASE

### Tri-Star's Statement

      Plaintiff Tri-Star Dyeing & Finishing, Inc. ("Tri-Star") alleges breach of insurance contracts and bad faith denial of insurance benefits. Plaintiff Tri-Star provides fabric dyeing and finishing services and wholesales fabrics. Dye houses and fabric wholesalers commonly obtain "accounts receivable insurance", which protects against losses that can be suffered, if a customer fails to pay its bills. For a number of years, Tri-Star obtained such insurance from defendant Euler Hermes North America Insurance Company ("Euler Hermes").[1] For years, Euler Hermes was happy to collect the premiums. But then Tri-Star suffered a significant loss. The owner and manager of Tri-Star customer Design Syndicate, Inc. ("DSI") died unexpectedly (at age 38). DSI was thrown into disarray and was unable to pay Tri-Star several million dollars owed for goods and services previously rendered. Tri-Star submitted the claim to Euler Hermes, which promptly denied it. Tri-Star seeks general and consequential damages.

### Euler Hermes' Statement

      Euler Hermes is an insurer that issues "trade credit" insurance policies. Pursuant to the terms of its policies, Euler Hermes covers its insureds' accounts receivables in the event that the insureds' customers become unable to pay the debts those customers owe to the insureds. On November 14, 2014, Tri-Star submitted a claim covering 37 purported separate sales, totaling $3,627,362, all made to Design

---

[1] Tri-Star also named Euler Hermes Collections North America Company as a defendant in this action, but dismissed that entity prior to the time Euler Hermes removed this action to federal court.

36136660v1 0967262

1  Syndicate, Inc. ("DSI") and allegedly invoiced over a period ranging from June 5,

2  2014 through October 10, 2014.  Tri-Star's invoices submitted in support of the

3  claim covered, at least in part, the period of two consecutive policies Euler Hermes

4  issued to Tri-Star.

5        Between November 14, 2014 and June 18, 2015, Euler Hermes conducted an

6  extensive investigation concerning Tri-Star's claim, including but not limited to a

7  thorough review and analysis of Tri-Star's books and records by an independent

8  forensic accountant, in-person interviews with Tri-Star personnel as well as third

9  parties conducted by the independent forensic accountant and another independent

10  investigator, and an analysis of the policies issued to Tri-Star.  On June 18, 2015,

11  Euler Hermes issued its coverage determination concerning Tri-Star's claim, based

12  on three independent reasons:  First, based on the independent forensic accountant's

13  examination of the books and records, as well as interviews with witnesses and other

14  information obtained during the investigation, Tri-Star failed to carry its burden of

15  establishing that this was a valid claim.  Specifically, as detailed in Euler Hermes'

16  letter (and wholly ignored in Tri-Star's complaint), the documentation submitted in

17  support of the claim appeared to be fabricated and/or altered.  Second, as a result of

18  its investigation, Euler Hermes learned that, during at least some of the Euler

19  Hermes' policy periods, Tri-Star was covered for goods shipped to DSI under a

20  credit insurance policy issued by another trade credit insurer.  Pursuant to the

21  subject policies, coverage is excluded for any amounts owed by buyers where the

22  insured's invoices were credit guaranteed, other than by Euler Hermes' policies,

23  either in full or in part.  Thus, to the extent Tri-Star received overlapping coverage

24  from another trade credit insurer, the loss is excluded.  Finally, certain invoices

25  submitted by Tri-Star refer to shipments of covered products to a "third country."

26  These invoices are not covered in the absence of an endorsement covering such

27  shipments, which Tri-Star's policies did not contain.

28        Euler Hermes contends that its coverage determination was correct and,

-2-

36136660v1 0967262

therefore, it did not constitute a breach of contract.  Additionally, Euler Hermes' conduct was reasonable and there is a genuine dispute as to coverage.  For these reasons, Euler Hermes contends it is not liable for breach of the implied covenant of good faith and fair dealing, let alone a claim for punitive damages.

## EARLY MEETING OF COUNSEL

Pursuant to Rule 26(f) of the *Federal Rules of Civil Procedure*, counsel for the parties conducted a telephonic conference on February 16, 2016.  Peter W. Ross and Lauren Woodland of Browne George Ross LLP participated on behalf of Tri-Star.  Larry M. Golub and Sandra I. Weishart of Hinshaw & Culbertson LLP participated on behalf of Euler Hermes.

## PROPOSED DEADLINES

The parties propose the following case management schedule:

- Trial date:  February 28, 2017
- Final pretrial conference:  February 13, 2017
- Expert discovery cutoff:  January 16, 2017
- Last day to exchange supplemental or rebuttal expert reports: December 14, 2016
- Last day for filing dispositive motions:  November 30, 2016
- Last day to exchange initial expert reports:  November 14, 2016
- Non-expert discovery cutoff:  October 31, 2016

## RULE 26(F) TOPICS

**(A)    Rule 26(a) Disclosures.**

The parties have agreed to make Rule 26(a) Initial Disclosures on March 1, 2016.

**(B)    Proposed Discovery Topics and Procedures.**

The parties have determined that discovery will be required on the following subjects:

36136660v1 0967262

**Tri-Star**

- The basis for the insurance claim made by Tri-Star.
- The bases for Euler Hermes' denial of Tri-Star's claim.
- Euler Hermes' good faith or bad faith in this matter.
- Tri-Star's claimed damages.

**Euler Hermes**

- Depositions of personnel of Tri-Star and independent third parties concerning the veracity of the claim, documentation submitted to Euler Hermes in support of the claim and the relationship between Tri-Star and DSI.
- Document requests to Tri-Star and third party subpoenas concerning the veracity of the claim, documentation submitted to Euler Hermes in support of the claim and the relationship between Tri-Star and DSI.
- Other depositions and document requests concerning Tri-Star's claimed damages, if any.

The parties have determined that discovery does not need to be conducted in phases or be limited to or focused on particular issues.

**(C)   Electronically Stored Information.**

The parties have discussed the storage and production of electronic information.  The parties do not believe there are any e-discovery issues that require an order of the Court at this time.  Counsel for the parties have each advised their respective client that all documents, electronic and paper, must be preserved.

**(D)   Claims of Privilege.**

The parties request that the Court issue an order pursuant to Federal Rule of Evidence 502(d).

**(E)   Limitations on Discovery.**

The parties do not believe there is any reason to alter or deviate from the normal limitations on discovery under the *Federal Rules of Civil Procedure* and the

-4-

36136660v1 0967262

1  local rules of this Court.  To the extent circumstances change, the parties will
2  endeavor to reach agreement as to any necessary deviation from the ordinary
3  discovery rules.

4      **(F)**     **Other Required Orders.**

5      Tri-Star will seek a protective order to facilitate discovery.  Euler Hermes is
6  willing to stipulate to a properly drafted and narrowly drawn protective order, to be
7  issued by the Court.

8      **<ins>ADDITIONAL MATTERS SET FORTH IN LOCAL RULE 26-1</ins>**

9      **(a)**     **Complex Case.**

10      This case is not complex.

11      **(b)**     **Motion Schedule.**

12      The parties' joint proposed schedule is listed above.  Tri-Star believes it is too
13  early in the litigation to determine what dispositive motions are likely to be made.
14  Euler Hermes anticipates that it will move for summary judgment on the bad faith
15  and/or punitive damages claims, and it may also move for summary judgment or
16  partial summary judgment with respect to the breach of contract claims.

17      **(c)**     **Settlement.**

18      The parties will engage in a private mediation pursuant to ADR Procedure
19  No. 3 in Local Rule 16-15.4, to be completed by December 15, 2016.

20      **(d)**     **Trial Estimate.**

21      The parties estimate that trial will take 10 days.  Tri-Star has requested a jury
22  trial.

23      **(e)**     **Additional Parties.**

24      No additional parties are anticipated to be added at present.

25      **(f)**     **Expert Witnesses.**

26      The parties' joint proposed schedule for expert witness disclosures is set forth
27  above.

28

36136660v1 0967262

1   DATED:  February 29, 2016          BROWNE GEORGE ROSS LLP
                                            Peter W. Ross
2                                           Benjamin D. Scheibe
                                            Lauren Woodland
3

4

5                                       By _____/s/ Peter W. Ross_____
                                                   Peter W. Ross
6                                       Attorneys for Plaintiff Tri-Star Dyeing &
                                        Finishing, Inc.
7

8
     DATED:  February 29, 2016          PARK & LIM
9
                                            Heesok Park
10                                          Dennis McPhillips

11

12

13                                      By _____/s/ Heesok Park_____
                                                   Heesok Park
14                                      Attorneys for Plaintiff Tri-Star Dyeing &
                                        Finishing, Inc.
15

16  DATED:  February 29, 2016          HINSHAW & CULBERTSON LLP
                                            Larry M. Golub
17                                          Sandra I. Weishart

18

19

20                                      By _____/s/ Larry M. Golub_____
                                                   Larry M. Golub
21                                      Attorneys for Defendant Euler Hermes North
                                        America Insurance Company
22

23

24

25

26

27

28
                                     -6-
                           JOINT RULE 26(f) REPORT
                                                              36136660v1 0967262